MARY A. BLASHFIELD, as Administratrix of POLLY BLASHFIELD, Deceased, Appellant, v. H. WILSON BLASHFIELD, Respondent.

*Costs — when allowed to a defendant where the court has held one of the causes of action in the complaint to be barred by the statute of limitations and stricken out the evidence in respect to it, and the plaintiff has obtained a verdict sustaining another — Code of Civil Procedure, sec. 3234.*

The complaint in this action set forth in separate counts two causes of action, one on a note for $200, and the other on a note for $100.13. The statute of limitations was pleaded as a defense to each note. At the close of the plaintiff's evidence the court granted a motion to strike out the evidence as to the $200 note, upon the ground that it was barred by the statute of limitations. The jury rendered a verdict in favor of the plaintiff upon the other note, upon which a judgment was entered. The clerk having taxed costs in favor of the defendant, pursuant to section 3234 of the Code of Civil Procedure, a motion was made by the plaintiff to have them stricken out.

*Held,* that the motion was properly denied, as the defendant was entitled to the costs allowed him.

APPEAL from an order, entered in Cortland county, made at the Chemung Special Term denying a motion to set aside the taxation of defendant's costs herein.

The following opinion was delivered by Judge MARTIN on deciding the motion :

MARTIN, J. :

This was a motion under section 3265 of the Code of Civil Procedure for a new taxation of costs. The action was brought to recover the amount of two promissory notes made by the defendant. One was for $200, dated January 18, 1886; the other was made January 18, 1872, to secure the payment of $100.13. The complaint alleged the making of the notes; the death of the payee; that the plaintiff was duly appointed as the representative of the deceased payee; that she was then the owner and holder of the said notes and demanded judgment for the amount of both notes, with costs. The answer set up the statute of limitations as a defense to each of said notes. On the trial, at the close of the plaintiff's evidence, the defendant asked " that the two hundred dollar note be stricken out and eliminated from the case, on the ground that there

is no evidence upon which the plaintiff can recover on such note. That the note is barred by the statute of limitations." This application was granted.

The judge, in his charge to the jury, said : " The defendant puts in a defense to this action on these two notes, that they are barred by the statute of limitations, and that is the issue which is brought here for trial. Now, upon that issue the larger of the two notes I find to be outlawed, and the plaintiff cannot recover, and I have stricken that out of the case, leaving the only question for you to determine in regard to the smaller note of the two." There was no certificate that the substantial cause of the action was the same upon each issue, as provided in section 3234 of the Code of Civil Procedure. Upon a retaxation of the costs by the clerk of Cortland county, the defendant was allowed to tax costs against the plaintiff, on the ground that the defendant recovered upon the issues of fact joined as to one of the causes of action set forth in the complaint. The correctness of this determination by the clerk is the only question involved on this motion.

Section 3234 of the Code of Civil Procedure provides that " in an action specified in section three thousand two hundred and twenty-eight of this act, wherein the complaint sets forth separately two or more causes of action, upon which issues of fact are joined, if the plaintiff recovers upon one or more of the issues and the defendant upon the other or others, each party is entitled to costs against the adverse party, unless it is certified that the substantial cause of action was the same upon each issue, in which case the plaintiff only is entitled to costs."

In *Kilburn* v. *Lowe* (37 Hun, 237, 240), Mr. Justice FOLLETT, delivering the opinion of the court in that case, in commenting upon this provision of the statute, says : " The apparent design was to give both parties costs in a case in which the complaint sets forth more than one cause of action, provided both parties recover upon one or more of the causes of action." (See, also, *Seymour* v. *Billings*, 12 Wend., 285 ; *Shannon* v. *Howell*, 36 Hun, 47.) It seems to me that such was the obvious intent of the statute.

The complaint in this action sets forth, separately, two causes of action, upon which issues of fact were joined. If, however, it were otherwise, and such causes of action were not separately stated,

still, as the complaint clearly contained two separate causes of action, as to one of which each of the parties succeeded, each would be entitled to costs if the defendant recovered upon one of the issues within the spirit and meaning of that section. (*Seymour* v. *Billings, Shannon* v. *Howell, Kilburn* v. *Lowe, supra.*)

Did the defendant recover upon the issue raised by the pleadings as to the $200 note? That he succeeded in his defense to that note is manifest. That the jury actually found a verdict in his favor upon the issues made in regard to it is not pretended. When the plaintiff rested, on the defendant's motion, the court, in effect, held that under the evidence, as a matter of law, it was barred by the statute of limitations. It decided that the plaintiff could not recover thereon. If this had been the only cause of action it would have entitled the defendant to costs. Does the fact that the court determined this question, instead of directing the jury to find for the defendant upon it, change the result, so far as this question of costs is concerned? The court in effect held, as a matter of law, that the plaintiff could not recover upon the issue joined in that cause of action. Would it have been more than such a holding if it had directed the jury to find for the defendant?

In *Williard* v. *Strachan* (3 Civ. Pro. R., 452), where there were two separate counts in a complaint, to which the answer was a general denial, and on the trial the complaint was dismissed as to the first count, because it appeared that the note therein sued upon was given for the individual debt of the partner of the defendant, which defense was not specially pleaded, and the plaintiff had a verdict in his favor on the second count, held that the point on which the complaint was dismissed was not the substantial issue in the case, and the clerk under the circumstances properly refused to tax costs in defendant's favor; that the plaintiff, having obtained the only verdict rendered by the jury, was entitled to the costs of the action. Section 3234 of the Code applies only to cases where the defendant had a verdict on the separate count.

In *Cooper* v. *Jolly* (30 Hun, 224; affirmed, 96 N. Y., 667), in an action to recover on twenty-three causes of action for penalties for adulterating milk, the answer was a general denial. On the trial evidence was given tending to establish thirteen. A verdict was rendered "for two counts, at fifty dollars each, amounting to

one hundred dollars." The defendant claimed costs. It was held that the claim was not well founded, as the defendant had not recovered upon any of the issues within the meaning of section 3234. In delivering the opinion in that case, HAIGHT, J., says : " It thus appears that under the statute (2 R. S., 616) the rule was that in order to entitle the defendant to recover costs there must be a verdict or finding in his favor upon one or more of the counts set forth in the declaration ; that where there was a general verdict in favor of the plaintiff and no separate verdict rendered for the defendant, he could not recover costs. Applying the same rule to the section of the Code under consideration, and it follows that there must be a separate and distinct recovery on the part of the defendant in order to entitle him to costs."

In *Barlow* v. *Barlow* (35 Hun, 50) the complaint set forth two causes of action : The first, upon a promise made by the defendant to pay an agreed price for work and labor performed by the plaintiff prior to March, 1868 ; the second, upon an implied promise to pay for work and labor performed and rendered by him after that time and prior to 1880. Upon the trial before a referee she recovered upon the first, but not upon the second cause of action. The court directed that the defendant's costs be taxes and set-off against the plaintiff's judgment. Held, that this was error ; that the defendant was not entitled to recover costs, as the substantial cause of action was the same upon each issue within the meaning of those terms as used in section 3234 of the Code of Civil Procedure, and because the defendant had not recovered upon any issue within the meaning of the said section.

It is contended by the plaintiff that the foregoing authorities are decisive of the question under consideration. I do not think so. In the Williard case the defendant did not succeed upon the substantial issue in the case. The ground upon which the action was dismissed was not pleaded. In the Cooper case it was held that the defendant had not recovered upon any of the issues, because there had been no verdict or finding in his favor. In the Barlow case it was held that the cause of action was substantially the same on each issue. In none of these cases was the question under consideration in this case directly involved. While there may be expressions in the opinions of those cases which might be regarded

as sufficiently broad to include the question involved in this, still I cannot believe that they were so intended, or that they should be so construed. In this case two causes of action were contained, and separately stated in the complaint. The defendant tendered as issues that each was barred by the statute of limitations.

At the close of the plaintiff's evidence it appeared conclusively that this issue as to the $200 note must, as a matter of law, be decided in the defendant's favor. The court so decided it, instead of directing the jury so to find. The fact that it was decided by the court, instead of by the jury under the direction of the court, is not, I think, controlling upon this question. There was certainly a finding in favor of the defendant upon that issue. The court must have found that the evidence conclusively established the defense interposed by the defendant. The defendant, I think, possesses the same right to costs that he would have possessed had the court directed a verdict for the defendant on the cause of action on the $200 note. There was in this case a substantial determination of the issues in both causes of action set out in the complaint. One was determined by the court in favor of the defendant, the other in favor of the plaintiff by the jury. The plaintiff recovered upon one of the issues, defendant upon the other. Hence, I am of the opinion that the taxation of costs by the clerk was correct, and that this motion should be denied, with costs."

*Frank Pierce, Jr.*, for the appellant.

*Oliver Porter*, for the respondent.

BY THE COURT:

The order allowing defendant a bill of costs for successfully defending one of two causes of action upon promissory notes, should be sustained. The defendant interposed the statute of limitations to such cause of action, and the court held as a matter of law, upon the evidence, that the statute was a bar. While, therefore, the plaintiff, who was successful as to one cause of action, was entitled to a bill of costs, the defendant who was equally successfully as to the other cause of action, was also equally entitled to costs under section 3234 of the Code.

The later authorities relating to this section are : *Cooper* v. *Jolly*

(30 Hun, 224; affirmed, 96 N. Y., 667); *Barlow* v. *Barlow* (35 Hun, 50); *Ackerman* v. *De Lude*, (36 id., 44); *Williard* v. *Strachan* (3 Brown, C. P. R., 452), and *Kilburn* v. *Lowe* (37 Hun, 237).

The order should be affirmed, with ten dollars costs and printing disbursements on opinion of Mr. Justice MARTIN at Special Term.

Present — HARDIN, P. J., FOLLETT and BOARDMAN, JJ.

Order affirmed, with ten dollars costs and disbursements on opinion of MARTIN, J., delivered at Special Term, and memorandum of BOARDMAN, J.